SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SCOTT HENNIGH, Cal. Bar No. 184413
MEREDITH JONES-McKEOWN, Cal. Bar No. 233301
NATHANIEL BRUNO, Cal. Bar No. 228118
4 Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947
Email: shennigh@sheppardmullin.com
      mjones-mckeown@sheppardmullin.com
      nbruno@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD W. BRUNETTE, Cal. Bar No. 81621
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213-620-1780
Facsimile: 213-620-1398
Email: rbrunette@sheppardmullin.com

Attorneys for Plaintiff
PICERNE CONSTRUCTION CORP. dba
CAMELBACK CONSTRUCTION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| PICERNE CONSTRUCTION CORP. dba CAMELBACK CONSTRUCTION,<br><br>         Plaintiff,<br><br>  v.<br><br>CASTELLINO VILLAS, a K.F. LLC; and DOES 1-50, inclusive,<br><br>         Defendants. | Case No. 2:09-cv-03116-MCE-JFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF PICERNE'S MOTION TO REMAND STATE CIVIL ACTION TO STATE COURT**<br><br>[28 U.S.C. § 1452(b)]<br><br>**Hearing Date: January 14, 2010<br>Hearing Time: 2:00 p.m.<br>Courtroom: 7<br>Honorable Morrison C. England, Jr.<br>United States District Judge** |

1

W02-WEST:6NB1\402349666.2

Case No. 2:09-cv-03116-MCE-JFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF PICERNE'S MOTION TO REMAND STATE CIVIL ACTION TO STATE COURT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction.

Defendant Castellino Villas, a K.F. LLC ("Castellino") has removed and attempted to transfer a state court action back to the same bankruptcy court that originally said the action should be adjudicated in state court.  The bankruptcy court considered largely all of the same factors at issue in this motion to remand when it determined that the automatic bankruptcy stay should be lifted and that this case should be adjudicated in state court.  Arguably there is no reasonable ground for the Castellino to have removed this action, given the bankruptcy court's prior ruling, which suggests it would not be inappropriate to request sanctions for such a removal.  The only apparent purpose can be further delay of Plaintiff Picerne Construction Corporation's efforts to foreclose on its mechanic's lien.  The Court, at a minimum, should simply remand this case back to state court.

## II.     Factual Background and Procedural History.

**December 29, 2006:**  Picerne Construction Corporation dba Camelback Construction ("Picerne") files a mechanic's lien foreclosure action against Castellino Villas, a K.F. LLC ("Castellino") in Sacramento Superior Court, where it is designated Case No. 06AS05561 (the "State Court Action").  (Declaration of Nathaniel Bruno and Request for Judicial Notice ("Bruno Decl."), Exh. 1.)

**May 2, 2007:**  The State Court Action is stayed by the Sacramento Superior Court to allow the parties to arbitrate the liability issues regarding Picerne's breach of contract claim against Castellino.  (Bruno Decl., Exhs. 2-3.)

**March 11, 2009:**  The assigned arbitrator issues an Interim Award in Picerne's favor, and against Castellino, in the amount of $1,891,602.80.  (Bruno Decl., Exh. 4.)

**May 11, 2009:**  The arbitrator issues his Final Award, adjudging Castellino jointly and severally liable (with another related party to the arbitration) for $1,504,633.19 in attorneys' fees.  (Bruno Decl., Exh. 5.)

-2-

W02-WEST:6NB1\402349666.2
Case No. 2:09-cv-03116-MCE-JFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF PICERNE'S MOTION TO REMAND STATE CIVIL ACTION TO STATE COURT

**July 24, 2009:**  The Sacramento Superior Court grants Picerne's petition to confirm its final arbitration award and denies Castellino's petition to vacate the award.  (Bruno Decl., Exhs. 6-7.)  The *same day*, Castellino files for bankruptcy in the Central District of California Bankruptcy Court, Case No. 09-29228-ER, assigned to the Honorable Ernest M. Robles.  (Bruno Decl., Exh. 8.)

**October 6, 2009:**  Central District of California Bankruptcy Judge Ernest M. Robles issues an order on a motion by Picerne granting Picerne relief from the automatic bankruptcy stay in order to allow the state court to sign the Judgment on its arbitration award and allow Picerne to litigate its mechanic's lien claim in the State Court Action.  (Bruno Decl., Exh. 9.)

**November 6, 2009:**  Castellino files a Notice of Removal, removing the State Court Action to this Court.  (Docket No. 1.)

**November 30, 2009:**  Castellino files a Motion to Transfer this action (*i.e.*, the removed State Court Action) back to the Central District of California Bankruptcy Court, which already ruled that the automatic bankruptcy stay should be lifted so that this action could be litigated in state court.  (Docket No. 7; Bruno Decl., Exh. 9.)

**III.    Argument.**

Judge Robles of the Central District of California Bankruptcy Court has already indicated Sacramento Superior Court is the best forum for resolution of the lien issues presented by this action (formerly the State Court Action).  (Bruno Decl., Exh. 9.)  The substantive disputes between Castellino and Picerne have already been resolved by the parties' arbitration and are subject to the doctrine of *res judicata*.  Instead, all that remains is the adjudication of state law procedural matters related to Picerne's mechanic's lien (*i.e.*, Picerne's demonstration of lien validity, extent, and priority), and entry of judgment thereon.

Picerne was moving expeditiously to perfect its lien rights in the State Court Action.  Castellino's decision to remove the State Court Action to this Court (for the express purpose of transferring it to the Central District of California Bankruptcy Court) does nothing but

-3-

W02-WEST:6NB1\402349666.2
Case No. 2:09-cv-03116-MCE-JFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF PICERNE'S MOTION TO REMAND STATE CIVIL ACTION TO STATE COURT

1 further obstruct and delay Picerne's perfection of its lien rights and add further complication and
2 burden to Castellino's bankruptcy action in the Central District of California Bankruptcy Court.
3       This action should be remanded to allow the Sacramento Superior Court to swiftly
4 deal with these procedural lien issues under California state law, rather than passed off to Judge
5 Robles of the Central District of California Bankruptcy Court who has already indicated that
6 Sacramento Superior Court is the best forum.  The prompt resolution of these issues in
7 Sacramento Superior Court will help facilitate the resolution of Castellino's bankruptcy
8 proceeding.

    A.    <u>Legal Standard for Motion Seeking Remand</u>.

10       28 U.S.C. Section 1452(b) explicitly vests federal courts with the authority to
11 remand an action removed under Section 1452(a) on <u>any</u> equitable ground.  The statute gives
12 district courts <u>broad</u> discretion to remand, and a decision to remand is not appealable. 28 U.S.C. §
13 1452(b); *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. 1999) ("The 'any equitable ground' remand
14 standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the
15 reasons for remand under nonbankruptcy removal statutes."); *City & County of San Francisco v.*
16 *PG & E Corp., 433 F.3d 1115, 1121* (9th Cir. 2006) (noting that Section 1452(b) "bars appellate
17 review of a District court's order…if the remand decision is based on equitable factors").  The
18 remand standard is one of "general fairness."  *Christie v. Chong*, 2002 U.S. Dist. LEXIS 6838 at
19 *10 (N.D. Cal. 2002).
20       Case law identifies at least fourteen non-exclusive factors to be balanced when
21 deciding whether to order a remand under 28 U.S.C. Section 1452(b), taking judicial economy and
22 fairness into account:

> (1) the effect or lack thereof on the efficient administration of the estate if the court remands; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the presence of difficult legal issues or the unsettled nature of applicable law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings; (5) jurisdictional basis, if any, other than 28 U.S.C. Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core proceeding"; (8) the feasibility of severing state law claims from core bankruptcy

-4-

matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*See In re Roman Catholic Bishop,* 374 B.R. 756, 761-762 (S.D. Cal. 2007); *see also Lent v. Chesterton,* 2009 U.S. Dist. LEXIS 105225 at *6-7 (N.D. Cal. 2009); *Hopkins v. Plant Insulation Co.,* 349 B.R. 805, 813 (N.D. Cal. 2006); *San Ramon Foothills v. Mountain West Homes*, 2004 U.S. Dist. LEXIS 2971 at *3 (N.D. Cal. 2004) ("[A] court has discretion to remand a case arising under or relating to Title 11 based on notions of 'general fairness.'") (citing Schwarzer, *Federal Civil Procedure Before Trial* § 2:846 (The Rutter Group 2003)); *In re TIG Ins. Co.,* 264 B.R. 661, 665-666 (C.D. Cal. 2001).[1]

Here, the bankruptcy court has already run essentially an identical analysis. In Picerne's Motion for Relief from Automatic Stay, the bankruptcy court would necessarily have considered the efficient administration of the estate upon relief from stay, how feasible it was to sever the claim from the bankruptcy matters to allow the mechanic's lien judgment to be entered in state court and enforcement left to the bankruptcy court, the fact that state procedural laws were at issue, and the burden on the bankruptcy court's docket. (*See* Bruno Decl., Exh. 9 and Exh. 10 at pp. 4-5.) Also notable is the fact that there are non-debtor parties involved in the State Court Action, namely Bank of the West. Bank of the West and Picerne will largely be the few interested parties in the priority arguments involved in the state court mechanic's lien action, <u>not</u> the Debtor

---

[1] The factors governing remand pursuant to 28 U.S.C. Section 1452(b) are often recognized by the courts as substantially the same factors governing discretionary abstention pursuant to 28 U.S.C. Section 1334(c)(1). *See e.g. In re Roman Catholic Bishop,* 374 B.R. at 761-762 (importing discretionary abstention factors into equitable remand analysis); *In re Enron Corp.*, 296 B.R. 505, 508-509 (C.D. Cal. 2003) (same); *Mann v. Waste Management of Ohio, Inc.*, 253 B.R. 211, 215 (N.D. Ohio 2000); *In re Diversified Contract Servs., Inc.*, 167 B.R. 591, 596 (Bankr. N.D. Cal. 1994).

-5-
W02-WEST:6NB1\402349666.2
Case No. 2:09-cv-03116-MCE-JFM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF PICERNE'S MOTION TO REMAND STATE CIVIL ACTION TO STATE COURT

1  (Castellino).  As a result, the Court here should see this removal for what it is and remand the case
2  back to state court.
3       B.    <u>Conclusion</u>.
4          Picerne respectfully requests that this Court remand this action to the Superior
5  Court of the State of California for the County of Sacramento on discretionary grounds pursuant to
6  28 U.S.C. Section 1452(b).
7  Dated:  December 7, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Nathaniel Bruno*
SCOTT E. HENNIGH
MEREDITH A. JONES-McKEOWN
NATHANIEL BRUNO

Attorneys for Plaintiff
PICERNE CONSTRUCTION CORP. dba
CAMELBACK CONSTRUCTION

-6-