UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

PICERNE CONSTRUCTION CORP.
dba CAMELBACK CONSTRUCTION,

    Plaintiff,

  v.

CASTELLINO VILLAS, a K.F.
LLC; and DOES 1-50, inclusive,

    Defendants.

No. 2:09-cv-03116-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

Through the present Motion, Plaintiff Picerne Construction Corp. dba Camelback Construction ("Picerne") asks the Court to remand the instant matter, pursuant to 28 U.S.C. § 1452(a), back to the Superior Court of the State of California in and for the County of Sacramento where it was originally instituted. For the reasons set forth below, Picerne's Motion will be granted.

///
///
///

1

## BACKGROUND

In this mechanic's lien foreclosure action, Picerne seeks redress for unpaid construction services it rendered in the construction of a 120-unit apartment complex owned by Defendant Castellino Villas, a K.F. LLC ("Defendant").  That action, filed in state court on December 29, 2006, was stayed by the Sacramento Superior Court on or about May 2, 2007 in order to permit arbitration to occur between the parties as to liability.

After a two-week hearing on the merits in December of 2008, the assigned arbitrator issued an interim award in Picerne's favor on March 11, 2009 in the amount of $1,891,602.80.  The arbitrator's final award, which included an additional $1,504,633.19 in joint and several liability for attorney's fee, was rendered on May 11, 2009.  Picerne subsequently moved to confirm the final arbitration award, and its petition in that regard was granted on July 25, 2009.  That same day, Defendant filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.  As a result of that bankruptcy filing, an automatic stay issued with respect to Picerne's mechanic's lien action in state court, and its attempt to reduce the arbitrator's award in its favor to judgment.

///
///
///
///
///

On or about August 31, 2009, Picerne moved for relief from the automatic bankruptcy stay in order to complete its mechanic's lien litigation against Defendant in state court.  Picerne argued that because the liability issues had already been resolved through arbitration, the only remaining step was to liquidate Picerne's claims through an entry of judgment by the state court.  On October 6, 2009, the Bankruptcy Court granted Picerne's Motion and lifted the automatic stay, under 11 U.S.C. § 362(d)(1), in order to permit adjudication of Picerne's mechanic's lien action against Defendant to final judgment.  On November 6, 2009, Defendant removed the newly-unstayed action to this Court, and, on November 30, 2009, followed that removal with a Motion to Transfer Venue back to the United States Bankruptcy Court for the Central District of California, the very same court that had lifted the automatic stay the previous month.

Picerne filed its Motion to Remand on December 7, 2009.

**STANDARD**

28 U.S.C. § 1452(b) explicitly grants a federal court to which a bankruptcy matter has been removed "to remand such claim or cause of action on any equitable ground."  The language of the statute gives courts wide discretion in determining the propriety of remand.  In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999) (the "'any equitable ground' remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all the reasons for remand under nonbankruptcy removal statutes").

In exercising its discretion, case law points to a number of different factors that may be considered in determining the propriety of remand. Those factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if the court remands; (2) the extent to which state issues predominate over bankruptcy issues; (3) the presence of difficult legal issues or the unsettled nature of applicable law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings; (5) jurisdictional basis, if any, other than 28 U.S.C. section 1334; (6) the degree of relatedness of remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core proceeding", (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

In re Roman Catholic Bishop of San Diego, 374 B.R. 756, 761-62 (S.D. Cal. 2007).

**ANALYSIS**

Picerne's Motion For Relief From Automatic Stay (Decl. Of Nathaniel Bruno, Ex. 10) argued, inter alia, that considerations of expediency, judicial economy, balance of hardships between the parties, and the impact upon the bankruptcy case all weighed in favor of lifting the stay. The Bankruptcy Court granted Picerne's Motion.

///
///

Nonetheless, in removing the action to this Court and subsequently seeking to have venue transferred to the very same bankruptcy court that allowed the state court litigation to proceed, Defendant in essence seeks to nullify the Bankruptcy Court's order.  As Picerne points out, logic tells us that the Bankruptcy Court did not lift the automatic stay, and allow resumption of Picerne's state court mechanic's lien proceedings against Defendant, with the expectation that through procedural maneuvering the matter would in fact immediately return to the Bankruptcy Court.

    This reasoning is underscored by the fact that the equitable considerations to be weighed by this Court in determining remand bear marked similarity to the factors that the Bankruptcy Court already weighed in deciding to lift the stay, which, as stated above, included considerations of judicial economy, fairness, and impact upon the bankruptcy proceedings.  Those considerations parallel the equitable factors to be considered in assessing remand, which also include the effect upon the bankruptcy estate, and potential prejudice to the parties.  <u>In re Roman Catholic Bishop of San Diego</u>, <u>supra</u>, 374 B.R. at 761-62.

    Moreover, this Court is convinced based on its own review of this matter that equitable considerations mandate return of this matter to state court.  The state court proceedings, which encompassed arbitration of liability issues between the parties, appear to have already been substantially concluded with completion of the arbitration and confirmation of the arbitrator's award.

///

1  Allowing Picerne's mechanic's lien to be reduced to judgment in
2  state court does not prevent the Bankruptcy Court from enforcing
3  that judgment in tandem with similar claims of non-payment made
4  by others against Defendant.  Indeed, the <u>Roman Catholic Bishop</u>
5  factors envision such a result in directing that the court
6  examine the feasibility of severing state law claims in order "to
7  allow judgments to be entered in state court with enforcement
8  left to the bankruptcy court."  <u>Id</u>.
9       While Defendant appears to argue that the Bankruptcy Court
10 should be the entity making determinations as to the priority of
11 liens, allowing the state court to enter judgment with respect to
12 Picerne's mechanic's lien by no means prevents the Bankruptcy
13 Court from ultimately determining the priority of competing liens
14 against the bankruptcy estate.  The Court is also unpersuaded by
15 Defendant's argument that the language of the Bankruptcy Court's
16 Order Granting Motion for Relief from Automatic Stay (Ex. 10 to
17 Bruno Decl.) somehow suggests that the Bankruptcy Court
18 contemplated remand of the action once the stay order was lifted.
19 The language cited by Defendants is simply a boilerplate
20 provision at the end of the Order indicating that the relief from
21 stay is without prejudice both to the right of a party to remove
22 the litigation to bankruptcy court and the corresponding right to
23 remand the action back to its original venue.  That provision has
24 no bearing either way on the determination of this matter.
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Based on the foregoing, Plaintiff Picerne's Motion to Remand (Docket No. 32) is hereby GRANTED.[1] The case is consequently returned to the Superior Court of the State of California in and for the County of Sacramento for further proceedings. Given that Remand, Defendant Bank of the West's Motion to Dismiss (Docket No. 5) and Defendant's Motion to Transfer Venue (Docket No. 7) are DENIED as moot.

IT IS SO ORDERED.

Dated: February 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(g).

7